Salvador Lemus RAMOS, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney
General, Respondent.

No. 14-71990

United States Court of Appeals,
Ninth Circuit.

Submitted December 14, 2017
Pasadena, California

Filed December 14, 2017

Judith Marty, The Legal Edge, Fuller-
ton, CA, for Petitioner

Dawn S. Conrad, Elizabeth K. Fitzger-
ald-Sambou, Enitan Otunla, Trial Attor-
neys, OIL, DOJ—U.S. Department of Jus-
tice, Civil Division/Office of Immigration
Litigation, Washington, DC, Chief Counsel
ICE, Office of the Chief Counsel, Depart-
ment of Homeland Security, San Francis-
co, CA, for Respondent

Before: REINHARDT, GILMAN,* and
WARDLAW, Circuit Judges.

MEMORANDUM **

Salvador Lemus Ramos applied for de-
ferral of removal to Mexico under the Con-
vention against Torture (CAT) after the
Department of Homeland Security initi-
ated removal proceedings based on a felo-
ny drug conviction in a California state
court. An Immigration Judge (IJ) found
Lemus Ramos removable under 8 U.S.C.

§ 1227(a)(2)(B)(i) and denied him CAT re-
lief after determining that he had failed to
show that he is more likely than not to be
tortured if returned to Mexico. The Board
of Immigration Appeals (BIA) affirmed.

To qualify for deferral of removal under
the CAT, an applicant has the burden of
showing that he "is more likely than not to
be tortured in the country of removal." 8
C.F.R. § 1208.16(c)(4). Evidence of past
torture, although relevant, does not create
a presumption of future torture. *Mo-
hammed v. Gonzales*, 400 F.3d 785, 802
(9th Cir. 2005).

Although reports of conditions in Mexico
suggest that gay individuals continue to
suffer discrimination in the country, Le-
mus Ramos has not established a greater
than 50 percent chance of being tortured if
returned. "Torture is an extreme form of
cruel and inhuman treatment." 8 C.F.R.
§ 1208.18(a)(2). It signifies more than
mere discrimination or persecution. *Al-
phonsus v. Holder*, 705 F.3d 1031, 1049
(9th Cir. 2013); 8 C.F.R. § 1208.18(a)(1)
(defining torture, in part, as "any act by
which severe pain or suffering, whether
physical or mental, is intentionally inflicted
on a person").

Although Lemus Ramos's history of
abuse suffered as a child in rural Mexico is
undeniably serious, he has not established
that he is more likely than not to suffer
*future* torture if returned to Mexico. *See* 8
C.F.R. § 1208.16(c)(3) (noting that an IJ
should consider "all evidence relevant to
the possibility of future torture," including
"[e]vidence of past torture inflicted upon
the applicant," "[e]vidence that the appli-
cant could [safely] relocate to a part of the
country of removal," and "[e]vidence of

---

* The Honorable Ronald Lee Gilman, United
States Circuit Judge for the U.S. Court of
Appeals for the Sixth Circuit, sitting by desig-
nation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

gross, flagrant or mass violations of human rights within the country of removal").

We conclude that substantial evidence supports the BIA's finding that Lemus Ramos failed to show that he is more likely than not to be tortured if returned to Mexico. His petition for deferral of removal is therefore **DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.